184                 GENERAL TERM,

George S. and N. P. Wheeler *v.* School District No. 13 in Barre.

## GEORGE S. AND N. P. WHEELER *v.* SCHOOL DISTRICT NO. 13 IN BARRE.

*Selling of land for school purposes.   Constructive possession.*
*Adverse occupation.   Title in ejectment.*

1.   Under the statutes in force in 1850 the selectmen of a town had no
     authority to set off private land for a school house lot and award the
     owner damages therefor, and a writing purporting to be such a set-
     off is not admissible as evidence upon the question to the title to such
     lot.

2.   If a grantor includes in a warranty deed premises to which he has no
     title, the grantee takes thereby only so much as is covered by the title
     of his grantor; nor will he acquire by the occupancy of that portion
     to which his grantor's title extends any title to the balance, so long as
     that is in the adverse possession of another.

3.   *Held,* that upon the facts in this case the plaintiffs had no title upon
     which they could maintain ejectment against the defendant.

Ejectment.   Trial by court at the March term, 1891, Washington county, Munson, J., presiding.   Judgment for the plaintiff.   The defendant excepts.

The court found the following facts :

"July 13, 1850, the selectmen of Barre executed a certain writing, purporting to be a set-off of a parcel of land therein described, which writing was recorded in the land records of Barre, Nov. 20, 1850.   This writing contains a recital that the selectmen have 'been called upon by the prudential committee of school district No. 13 in said Barre to set off and appraise land belonging to Silas Harrington's heirs, for the permanent location of a school house in said district;' and concludes as follows: 'The above described premises, with the privileges of a district school house thereon, we have appraised at fifteen dollars current money, and the said school district No. 13 shall pay or cause to be paid the above named sum to the said Harrington heirs, or their agent, for said land, or this instrument is void.'"

This writing, marked Plaintiff's Exhibit 1 and attached hereto, was offered by plaintiffs, was objected to by defendant as unauthorized by statute and irrelevant, and was received subject to defendant's exception.

The plaintiffs also introduced a certified copy of the record of a division of the real estate of Nathan Harrington, deceased, among his heirs, duly recorded in the land records of Barre, from which it appears that a certain piece of ten acres therein described was set off to Silas Harrington. The division bears date Oct. 10, 1830, and said copy is hereto attached, marked Plaintiffs' Exhibit 2.

October 12, 1852, by deed of that date, a copy of which is attached hereto as Plaintiffs' Exhibit 3, Silas Harrington's administrator conveyed to Ira P. Harrington a piece containing six acres and ninety-six rods, which is in part described as "the same set-off to the said Silas Harrington from the estate of his father, Nathan Harrington, deceased, by the committee of division, Jan. 20, 1845."

November 24, 1883, Ira P. Harrington's administrator conveyed to the plaintiff by deed of that date, hereto attached and marked Plaintiffs' Exhibit 5, a piece said to contain about nine acres, and bounded by the highway and lands of certain owners named, the description concluding as follows: "Meaning to convey the lands within the above bounds, with the exception of what has been heretofore conveyed to school district No. 13 in said Barre." This deed covers the lot described in the previous deed, with the exception stated.

The plaintiffs also introduced, in connection with the above conveyances, certified copies of the licenses granted said administrators, which are attached hereto and marked respectively Plaintiffs' Exhibits 4 and 6.

The land described in the selectmen's set-off, Plaintiff's Exhibit 1, is not a part of the lot which was set off to Silas Harrington in the division of 1830, Plaintiff's Exhibit 2; but is a part of

the land covered by the deed from Silas Harrington's administrator to Ira P. Harrington, Plaintiffs' Exhibit 3.

The district building in question is upon the lot covered by the selectmen's set-off, and was standing upon it at the time of the set-off, and had been standing there for at least fifteen years. From a date not later than 1835 until 1889, it was occupied as a school house.

The piece set off by the selectmen is in the corner formed by the northerly and westerly lines of the piece from which it was taken. From the date of his deed in 1852, until his death some thirty years later, Ira P. Harrington had the exclusive possession of the lands on the easterly and southerly sides of the schoolhouse lot, claiming under his deed. No acts of actual possession within the lines of the schoolhouse lot, on the part of Ira P. Harrington, are shown. Neither does it appear that during this time the district had any possession of the lot other than for schoolhouse purposes.

In a 'district meeting held November 26, 1852, it was voted " to pay Ira P. Harrington $15 and interest, $2.17, it being for land the schoolhouse occupies. In a meeting held July 18, 1869, a committee was appointed ' to settle or confer with I. P. Harrington on land damages.' In a meeting held March 25, 1873, a committee was appointed ' to settle with I. P. Harrington for the land the schoolhouse stands on.' "

The records of these votes were offered by the plaintiffs as showing a recognition by the district of the title under which it claimed the land, and their admission for that purpose was objected to by defendant, and they were received in evidence under the defendant's exception.

The defendant afterwards offered the entire records of warnings and proceedings of the several meetings above named, and also the records of the warning and proceedings of the meeting of February 28, 1853, and of all adjournments of that meet-

ing ; and the records so offered were received in evidence, and are referred to.

There is nothing in the records to show that any action was taken by the committees appointed as above stated. In 1871 Ira P. Harrington refused to pay his district tax on the ground that the district was owing him for the land, and the tax remained unpaid until the period of limitation had run. It appears from testimony of H. F. Woodward, to the admission of which plaintiffs excepted, that in 1873 he found in the record book delivered to him as clerk by Ira P. Harrington, who was his predecessor in that office, a receipt for $15 over the name of Ira P. Harrington ; that he showed this to Harrington who denied that he had had the $15 or signed the paper; that he informed the officers of the district of the receipt, and showed it to J. N. Wilson, one of the committee appointed to settle with Harrington, and that after this he knew nothing of anything being done about it. Nothing further appeared in regard to the receipt. We find, mainly from the testimony above recited, that Ira P. Harrington was at some time paid the amount awarded by the selectmen. If the above testimony is inadmissible, the fact of payment is not established by the testimony.

Previous to 1890, the district had purchased a piece of land adjoining the old lot, on the other side of the road, and had commenced the erection of a school building thereon. At a district meeting held February 24, 1890, it was voted to accept the new school house, and to repair and rent the old school house. In pursuance of the latter action, the benches of the old house were removed and the space divided into rooms suitable for the occupancy of a family, by the erection of matched-board partitions ; and the building was thereupon rented for, and has since been occupied as a dwelling house. It was the purpose to fully provide for the needs of the district in the erection of the new building and to make no further use of the old building for

school purposes. No intention to again use the old building for school purposes existed at the time the suit was brought.

At the above meeting of February 24, 1890, it was "voted to carry water from the old school grounds for school purposes." At a meeting held June 24, 1890, it was "voted to instruct Allen Bates to bring water from the old school grounds to the new school grounds for school purposes." Shortly after this, a well was sunk on the old grounds and a pipe laid to convey the water to the new grounds. The water ran in this nearly through the summer, but did not run the following winter.

. In the spring of 1890, earth was taken from the old school grounds by the officers of the district and used in grading around the new school house.

In 1888, a line of railroad was located across one corner of the old ground and $25 land damages were paid to the district.

From the time the plaintiffs took their deed, they had the same possession before had by their grantor as above stated, and were in such possession at the time this suit was brought.

*R. M. Harvey*, and *Martin & Carleton*, for the defendant.

The selectmen had no authority to make the set-off. Com. Stat. ss. 37, 38.

The deed from Harrington's administrator expressly excepts this school lot; hence the plaintiffs can claim no title under that deed. *Singleton* v. *School Dist.* No. 34, 10 S. W. 793; *Coles* v. *York*, 36 Minn. 388.

The plaintiffs have gained nothing by adverse possession for the premises have been actually occupied by the defendant. *Jakeway* v. *Barrett*, 38 Vt. 323; *Hodges* v. *Eddy*, 38 Vt. 346; *Morse* v. *Churchill*, 41 Vt. 652; *Knight* v. *Heaton*, 22 Vt. 481; *Plimpton* v. *Converse*, 42 Vt. 712; *Davis* v. *White*, 27 Vt. 751; 3 Wash. R. P., 162; *Saugatuc* v. *East Saugatuc*, 1 N. E. Rep., 361 (Conn); *Daniels* v. *Gaulala Mills Co.*, 77 Cal. 300; *Austin* v. *Bailey*, 37 Vt. 223; *Arbuckle* v. *Ward*, 29 Vt. 53;

*Perrin* v. *Garfield*, 37 Vt. 310 ; *Grimes* v. *Regland*, 28 Ga. 123; *Stevens* v. *Hollister*, 18 Vt. 294.

Upon the contrary the defendant has acquired title by such possession. *Hodges* v. *Eddy*, 41 Vt. 485 ; *Watkins* v. *Peck*, 13 N. H. 360; *Austin* v. *Bailey*, 37 Vt. 223 ; *Winthrop School Dist.* v. *Benson*, 31 Me. 384; *Norris* v. *Beatty*, 5 Cal. 249 ; *Frick* v. *Sinon*, 75 Cal. 215 ; *Sherman* v. *Cane*, 86 N. Y. 57 ; *Hoffman* v. *White*, (Ala.) 7 South. Rep. 816 ; *Echols* v. *Hubbard*, Id., 817 ; *McWhorter* v. *Hetzel*, 24 N. E. (Ind.) 743.

*J. A. & J. G. Wing*, and *Barney & Hoar*, for the plaintiffs.

If the defendant acquired any interest in this land it was only an easement, which ceased to exist when the district ceased to use it for school purposes, and the title then reverted to the plaintiffs. 7 Law. Act., Def. and Pr. 3891-2 ; *Jackson* v. *Vt. Central Rd.*, 25 Vt. 150-158 ; *Williams* v. *School Dist. No. 6*, 33 Vt. 171, 181,-2 ; *Hill* v. *Railroad*, 32 Vt. 68, 77 ; *Brainard* v. *Clapp*, 10 Cush., 6, 9, 10 ; *Crosby* v. *Dracut*, 109 Mass. 206 ; *Platt* v. *Penn. Co.*, 43 Ohio 228 ; *Graham* v. *Cal. Rd.*, 36 Ind. 463 ; *Pierce* v. *B. & L. Rd.*, 141 Mass. 481 ; *Greeley* v. *M. & S. S. Rd.*, 30 Minn. 541.

The opinion of the court was delivered by

START, J. This is an action of ejectment. To sustain it, the plaintiffs rely upon title and right of possession. For the purpose of showing title, they introduced in evidence a certified copy of the record of a division of the real estate of Nathan Harrington, deceased, among his heirs. It appears from this record that a piece of land containing ten acres was set-off to Silas Harrington.

The plaintiffs also introduced in evidence, subject to the defendant's exception, a writing signed by the selectmen of the town of Barre, dated July 15, 1850, and recorded in the records of Barre, purporting to set off the school lot in question to the defendant. This writing, by its terms, was to be void, unless

the defendant should pay to the heirs of Silas Harrington fifteen dollars. In 1852, Silas Harrington's administrator conveyed to the plaintiffs' grantor, Ira P. Harrington, about six acres of land, described in part as the same land set off to Silas Harrington as aforesaid. In 1883, Ira P. Harrington's administrator conveyed to the plaintiffs the same land, excepting therefrom what had theretofore been conveyed to the defendant. The plaintiffs claim title to the demanded premises under this deed. It does not appear that Nathan ·Harrington ever had title to, or right of possession of, the school lot. It appears that the school lot is not a part of the lot set off to Silas Harrington. The selectmen of the town of Barre had no authority to set off land to the defendant. There was no statute then in force authorizing them so to do; and, the pretended set-off being void, the writing should have been excluded. From the records and facts found in relation to Silas Harrington's title, we hold that he did not have title to, or right of possession of, the demanded premises at the time of his decease. The school lot is within the boundaries contained in the deed from Silas Harrington's administrator to Ira P. Harrington, but this did not give Ira P. Harrington title thereto.

As before stated, Silas Harrington did not have title to the lot at the time of his decease; he having no title, his administrator could not convey the lot by including it in the boundaries contained in his deed. *Bank of Middlebury* v. *Rutland*, 33 Vt. 414.

Ira P. Harrington did not have title to the lot at the time of his decease, unless he acquired it subsequently to the date of the deed from Silas Harrington's administrator to him, by adverse possession. He occupied the lands southerly and easterly of the school lot for thirty years under his deed from Silas Harrington's administrator; and, during all this time, he exercised no acts of possession within the limits of the school lot, nor claimed title or right of possession under his deed, nor questioned the defendant's title thereto. It does not appear that the school lot

was ever a part of the lots occupied by him, but it does appear that it is not a part of the land owned by his grantor. The school lot was in the undisputed possession of the defendant for school purposes from some time prior to 1835 until 1889. The plaintiff's grantor excepted from his conveyance land theretofore deeded to the defendant. This exception clearly has reference to the lot in question, and indicates that the parties to the deed then understood that the lot had been conveyed by some one to the defendant. From these facts, we hold that Ira P. Harrington did not acquire title, and that the plaintiffs have neither title nor right of possession to the demanded premises.

The plaintiffs introduced in evidence, subject to the defendant's exception, the district records, from which it appears, that, at a meeting held November 26, 1852, the district voted to pay Ira P. Harrington fifteen dollars for land occupied for a school house; and that, at subsequent meetings held in 1869 and 1873, committees were appointed to settle, or confer, with Ira P. Harrington on land damages. Why this action was taken does not appear. It does not appear that Harrington was claiming that he owned the lot, nor that he was claiming pay for it, unless such fact is inferable from the circumstance that he refused to pay his school tax in 1871 on the ground that the defendant was owing him for the land. The defendant at this time had been in the uninterrupted possession of the lot for more than thirty-five years. After such uninterrupted possession, it will not be presumed, from this action of the defendant and claim by Harrington, that the defendant did not have title to the lot, nor that the title was in Harrington.

The plaintiffs' failure to show title, or any acts of possession by them or those under whom they claim, renders it unnecessary to consider further the effect of the action thus taken by the defendant, or to decide the questions relating to the defendant's title or the character of the occupancy of the lot. The defend-

ant's possession is itself sufficient against the plaintiffs and all other persons except the true owners.

*Judgment reversed and judgment for the defendant.*

Ross, Ch. J., doubting.